60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis AYALA, Defendant-Appellant.
 No. 94-50370.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Ayala appeals his conviction following his conditional guilty plea to possession of ammunition by a felon in violation of 18 U.S.C. Sec. 922(g)(1). He contends the district court erred by denying his motion to suppress evidence because police officers detained him without reasonable suspicion. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo whether an investigatory stop violated the Fourth Amendment. United States v. Garcia-Camacho, 53 F.3d 244, 245 (9th Cir. 1995). To detain a suspect, the police must have reasonable suspicion, or "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." Id. at 246 (quotations omitted).
 
 
 4
 Here, at about 8:10 p.m. on January 5, 1994, federal agent Michael Reyes and Los Angeles police officer Vincent Balderrama were driving north on Benton Way in Los Angeles. They received a radio report that a black man was walking north on Benton Way from Beverly Boulevard. According to the report, the man had just committed a robbery, and he had a gun. He was accompanied by a black woman, and they both wore light brown clothing. As Reyes and Balderrama drove through the intersection of Benton and Beverly, they saw another officer and the robbery victim, who pointed north on Benton. About a block farther along, Reyes and Balderrama saw Ayala walking with a woman. They approached him with weapons drawn, patted him down, and found a loaded gun.
 
 
 5
 Ayala contends that the officers lacked reasonable suspicion to stop him because he did not match the robber's description; he is hispanic and was wearing dark shorts and a black and white or gray and white shirt, and his female companion also was hispanic, not black. The officers, however, found Ayala near the robbery site within minutes of the radio report. See Guam v. Ichiyasu, 838 F.2d 353, 356 (9th Cir. 1988) (reasonable suspicion established when suspect found on expected escape route shortly after crime). Like the man in the report, Ayala was walking north on Benton with a woman, and the officers did not see any other pedestrians after they passed the intersection of Benton and Beverly. See United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir. 1982) (reasonable suspicion established when defendants were only people in sight who matched description of robbers), cert. denied, 459 U.S. 1211 (1983). Under the totality of these circumstances, the district court did not err by finding that reasonable suspicion justified Ayala's detention. See Garcia-Camacho, 53 F.3d at 245-46.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3